UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT CURTIS,

        Plaintiff,

v.

THE DIRECTORS of the Bureau of
Land Management, et al.,

        Defendants.

No. CV05-589-HU

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Robert Curtis, seeks district court enforcement of his Freedom of Information Act ("FOIA") requests against numerous government officials and entities. He alleges that the government improperly withheld agency records in violation of 5 U.S.C. § 552(a)(4)(B), and he asks this court to enjoin the defendants from withholding the requested information.

    Petitioner's FOIA claim named as defendants various departments and officials of the federal government, including the Bureau of Land Management (BLM); the Department of Homeland Security; the Federal Bureau of Investigation (FBI); the United States District Court of Oregon; Pretrial Services; Frank Noonan, federal prosecutor; the Office of the Inspector General; and the State Department. On December 15, 2005, Magistrate Judge Hubel issued Findings and Recommendation in this case (#60) recommending Mr. Curtis's petition be denied as to all defendants except the FBI. Judge Hubel further ordered the FBI to produce documents responsive to petitioner's request no later than December 1, 2005. The petitioner made timely

objections (#63). This court has conducted a de novo review, 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and ADOPTS the Findings and Recommendation as its own opinion.

Along with his objections to the magistrate's recommendation, Mr. Curtis filed new FOIA claims against Elaine M. Brong, State Director of the BLM; the Department of the Interior; the FBI; the Department of Justice (DOJ); and the State Department in the same document. For the following reasons, each of these claims is denied.

The claim against Ms. Brong is improper because she is not an agency and is therefore not subject to FOIA's requests. 5 U.S.C. § 552(f)(1); *Kissinger v. Reporters Comm. for Freedom of Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Further, because Mr. Curtis's claims against the BLM are denied, his claim against Ms. Brong as a representative of that agency is similarly denied.

Mr. Curtis's claims against the Department of the Interior, the DOJ, and the State Department are also improper because he violated Fed. R. Civ. P. 15(a) by adding these new defendants through his objections to the magistrate's decision rather than by filing a new or amended complaint. Additionally, Mr. Curtis has not appealed the responses produced by the DOJ and the State Department to his FOIA request, and as such, has not exhausted his administrative remedies with regard to these agencies. *In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986).

Finally, Mr. Curtis's claims against the FBI are denied. Contrary to his assertion, Mr. Curtis has not constructively exhausted these claims. While it is true the FBI was tardy in its response, it eventually produced the requested records. The agency did withhold many documents Mr. Curtis requested; however, it specified the withholding was pursuant to 5 U.S.C.

§ 552(a)(60(A)(I). By statute, the agency is required to "provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been produced and why." *Fiduccia v. U.S. Dept. of Justice*, 185 F.3d 1035, 1043 (9th Cir. 1999). The FBI provided reasons for its withholding, and Mr. Curtis did not appeal. Thus, he has not exhausted is administrative remedies and the district court lacks jurisdiction over his withholding claim. *In re Steele*, 799 F.2d 465-66.

In sum, the court ADOPTS the magistrate's Finding and Recommendation (#60). Additionally, Mr. Curtis's subsequent claims against Ms. Brong, the Department of the Interior, the FBI, the DOJ, and the State Department (#63) are DENIED.

DATED this  27th  day of February, 2006.

                                       /s/ Michael W. Mosman  
                                       MICHAEL W. MOSMAN  
                                       United States District Court